**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA**

Alexandria Division

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF A U.S. POSTAL SERVICE PARCEL: TRACKING NUMBER 9505 5103 3016 4348 2691 56 CURRENTLY LOCATED AT DULLES PROCESSING AND DISTRIBUTION CENTER AT 44715 PRENTICE DRIVE, DULLES, VIRGINIA 20101 IN THE EASTERN DISTRICT OF VIRGINIA | Case No. 1:24-sw-961 |

**AFFIDAVIT IN SUPPORT OF APPLICATION
FOR A SEARCH WARRANT FOR ONE U.S. MAIL PARCEL**

I, Andrew J. Pinney-Tourtellotte, being duly sworn, hereby depose and state:

**I.     INTRODUCTION**

**A.     Purpose of Affidavit**

1. This Affidavit is submitted in support of an application under Rule 41 of the Federal Rules of Criminal Procedure for a search warrant for one parcel (the "**SUBJECT PARCEL**") sent via the U.S. Postal Service ("USPS") and further described in Attachment A, which is incorporated by reference. The **SUBJECT PARCEL** is currently located at the United States Postal Inspection Service ("USPIS") office at the USPS Dulles Processing and Distribution Center ("P&DC"), 44715 Prentice Drive, Dulles, VA 20101, which is located within the Eastern District of Virginia.

2. I submit that the facts alleged herein provide probable cause to believe that a search of the **SUBJECT PARCEL** will yield evidence, fruits, and/or instrumentalities of violations of Title 21, United States Code, Sections 841(a)(1) (possession with intent to distribute and distribution of controlled substances) and 846 (conspiracy to distribute controlled substances).

1

Your Affiant therefore requests authority to search the **SUBJECT PARCEL** described in Attachment A for the items described in Attachment B.

3. The **SUBJECT PARCEL** is identified as follows:[1]

| Subject Parcel | Express (E), Priority (P), First Class (F), or Registered (R) Tracking ID Number | From: Name and Address | To: Name and Address | Current Parcel Location |
|---|---|---|---|---|
| 1 | 9505 5103 3016 4348 2691 56 (P) | Brian Faust 123 Lake Ave Cresco, PA, 18326 | Bradley Morgan 5470 Serviceberry Street Centerville, VA, 20120 | USPS P&DC in Dulles, VA, located in the Eastern District of Virginia |

B. **Affiant Training and Experience**

4. I have been a Postal Inspector for approximately seven years and have approximately eight years as a federal law enforcement officer. I was originally employed as a Postal Inspector in September 2016 through August 2023, then returned to USPIS in October 2024 after being employed by the United States Department of Justice, Officer of Inspector General. During my initial employment with USPIS, I attended Basic Inspector Training, which covered various aspects of federal law enforcement, including the investigation of narcotics-related offenses and other crimes associated with the U.S. Mail. I was previously employed as a local and state law enforcement officer in North Carolina. Throughout my time in local and state law enforcement, I have received additional training specifically in conducting narcotics investigations

---

[1] For all of the tables in this Affidavit regarding the **SUBJECT PARCEL**, I have listed the sender and recipient information as it appears on the **SUBJECT PARCEL**. In other words, the capitalization, punctuation, and spelling of addresses in the table are the same as that which I observed on the **SUBJECT PARCEL**.

and participated in numerous investigations involving possession with intent to distribute and distribution of controlled substances. I have approximately ten years of experience as a local and state law enforcement officer prior to my federal service.

5. Through my work in law enforcement, I have participated in multiple interdictions, controlled deliveries, seizures, and search warrants that have resulted in criminal arrests and prosecutions. In particular, I have become familiar with the manner and means by which narcotics traffickers use U.S. mail and commercial carriers to distribute controlled substances and the proceeds derived from their sale.

C. **Sources of Information**

6. The facts and information contained in this Affidavit are based on my training and experience, personal knowledge, and observations during this investigation, as well as information provided by other agents involved in this investigation, which I believe to be reliable. All observations that were not made personally by me were related to me by the persons who made the observations. Sources of information used routinely in this process include verifying zip codes through a public database maintained by the U.S. Postal Service and checking associations between names and addresses in a law enforcement database. The data contained in the law enforcement database assists investigators with identifying information such as: an individual's address(es), phone number(s), email address(es), criminal history, and vehicle registration(s). This Affidavit contains only that information necessary to establish probable cause in support of an application for the requested search warrant. This Affidavit is not intended to include each and every fact and matter observed by or made known to agents of the government. Further, my understanding of the facts and circumstances described herein may change or evolve as the investigation progresses.

## II.   PROBABLE CAUSE

A.   **Background On Factors Indicating Contraband in a Package**

7.   Based upon my training and experience, I know that there are suspicious characteristics common to many packages that contain narcotics, controlled substances, or narcotics proceeds (currency), and personal and financial documents related to such proceeds and narcotics. These factors, detailed more fully below, are used as a pointer system to identify packages requiring further investigation.

8.   As described further below, the **SUBJECT PARCEL** exhibited several of these factors and was also alerted to by a trained canine. While there are many characteristics that experienced Postal Inspectors look for, the most common factors or suspicious characteristics routinely observed in the course of screening packages are discussed below.

9.   **Contrasts observed between Legitimate Business Parcels and Drug Parcels:** As alternatives to First-Class Mail, which does not always provide a customer with the ability to track the progress of a parcel through the system, the USPS offers Priority Mail Express and Priority Mail**.**

   a.   Priority Mail Express:  Priority Mail Express is guaranteed to be delivered on a set date and time, usually overnight (the deadline is determined at the time of mailing). The customer receives a receipt with this guaranteed information and can opt for a signature requirement when the parcel is delivered. Customers can track the parcel online by its distinct Priority Mail Express tracking number. The weight of the package and the distance traveled are the two main factors in setting the price. Priority Mail Express costs more than Priority Mail. Businesses using Priority Mail Express typically have a business or

corporate account visible on the mailing label, which covers the cost of the mailing, in contrast to the drug distributor who will pay at the counter with cash or a credit card.

   b. <u>Priority Mail</u>:  Priority Mail has a delivery service standard of two to four business days, but it is not guaranteed.  Priority Mail is a less expensive alternative to Priority Mail Express, but still provides the ability to track a parcel.  Business Priority Mail Express parcels typically weigh no more than eight ounces, and business Priority Mail parcels typically weigh no more than two pounds.  Drug packages typically exceed these weights; in my experience, it is fairly easy to separate out smaller parcels, which constitute seventy to eighty percent of all Priority Mail Express and Priority Mail parcels, from other parcels.  Address labels on business parcels are typically typed, and address labels on drug packages are typically handwritten.  Typically, drug traffickers using Priority Mail Express will opt out of the signature requirement.

   c. <u>First-Class Mail</u>: Some individuals mailing illicit narcotics through the USPS are now utilizing both First-Class package service with tracking, and First-Class mail without tracking, as a way to obscure their illicit activity and to circumvent law enforcement profiling efforts. First-Class packages containing illicit narcotics may weigh less than one pound, or even be mailed in flat envelopes, depending on the type of narcotic involved.

  10. **Invalid Sender/Return Address:**  When drugs are shipped through the mails, the senders generally do not want them back.  To distance themselves from parcels containing drugs, the return addresses and the names of senders are often fictitious or false.  A fictitious or false address can be anything from an incorrect zip code to a non-existent house number or street.  The name of the sender is also typically invalid:  I have seen packages sent by persons with names of

celebrities, cartoon characters, or fictional persona, but more often a search of law enforcement databases reflect that there is no association between the name of the sender and the address provided.

11. **Invalid Recipient/Address:** It may appear counter-productive to put the wrong receiving address on a package, but often the named recipient is not associated with the address. This provides plausible deniability to anyone receiving the package as to their knowledge of its contents. Sometimes drug packages are addressed to vacant properties with the expectation that the postal carrier will just leave it at the address. The intended recipient will then retrieve it from that location and hope to remain anonymous.

12. **Destination State:** If other criteria are present, I know from experience and training that a domestic package addressed to a source narcotics state, which is a state where narcotics often originate, can further indicate that a parcel contains proceeds from the sale of illegal narcotics and/or illegal narcotics.

13. **State of Origin:** If other criteria are present, I know from experience and training that a domestic package sent from a source narcotics state, which is a state where narcotics often originate, can further indicate that a parcel contains controlled substances.

14. **Electronic Postage:** The U.S. Postal Service created electronic postage as a service for frequent mailers and businesses who prefer printing address labels and purchasing postage from their residence or business. In my training and experience, drug traffickers may sometimes create electronic postage accounts as a means of giving legitimate appearance to their drug mailings. In these cases, they typically create the accounts using fictitious account information and often provide pre-paid credit cards as a means of payment, which are difficult to track. Drug traffickers often use legitimate business return addresses in states other than California

and Arizona and other known "source" states as a means to deter detection, as these other states are not usually considered "source" states for controlled substances. The postage labels are printed/typed unlike the typical drug related mailing label, which is routinely handwritten.

15.  **Additional Factors:**  Additional factors seen less frequently, but nevertheless noteworthy, include:

    a.  <u>Smell</u>:  The odors of cocaine, marijuana, and methamphetamine are distinct, and, through experience, Postal Inspectors are familiar with these odors.  On occasion, a parcel will emit an odor that is easily recognized without the assistance of a canine.  Other smells that suggest the contents are narcotics are from masking agents.  Common masking agents used in an attempt to thwart law enforcement and canines typically include dryer sheets, coffee, mustard, and any other substance that releases a strong smell.

    b.  <u>Packaging</u>:  Heavily taped parcels are another factor that will suggest a drug parcel.  I have also observed excessive glue on package flaps.

16.  It is my experience that when a combination of the factors outlined above are observed, a drug detection canine will likely "alert" next to the parcel, indicating the narcotics K-9 has detected the odor of narcotics.  Therefore, these factors become a reliable way to profile parcels for additional scrutiny and inspection.

    **B.**  **<u>Identification of the SUBJECT PARCEL</u>**

17.   On or about December 16, 2024, your affiant identified the **SUBJECT PARCEL**, which was first mailed on December 13, 2024, from the Henryville Post Office, at 5285 Paradise Valley Rd, Henryville, PA 18332.

18.  On December 16, 2024, the **SUBJECT PARCEL** was intercepted in the Eastern District of Virginia at the United States Postal Service ("USPS") at the Centerville Post Office, at

5003 Westfields Blvd, Centreville, VA 20120. Your affiant placed the **SUBJECT PARCEL** in holding at the USPIS Dulles Domicile at the Dulles Processing and Distribution Center ("P&DC").

19. As listed in the table below, the **SUBJECT PARCEL** has the following characteristics:

| **SUBJECT PACEL** | |
|---|---|
| Priority Express/Priority/Registered/1st Class | (Priority)- **9505 5103 3016 4348 2691 56** DIMENSIONS-12.5"x9.5" |
| Weight of Parcel | 3 OZ |
| Shipping Label | HANDWRITTEN |
| Sender Name/Address Associated | SEE PARAGRAPH 20- Not Associated |
| Recipient Name/Address Associated | SEE PARAGRAPH 21- Associated |
| Signature Requirement | N/A |
| Source Area | No, Pennsylvania |
| Other Suspicious Characteristics | SEE PARAGRAPH 22 |

20. Your affiant reviewed law enforcement database records to conduct a check of the sender address listed on the **SUBJECT PARCEL**, to wit, "Brian Faust, 123 Lake Ave, Cresco, PA 18326." Your affiant determined the address is not a valid address, and the name "Brian Faust," could not be associated to the address. From training and experience, I know that criminals commonly endeavor to protect their identity from law enforcement by entering a false sender name or false sender return address on the USPS shipping label.

21. Your affiant reviewed law enforcement database records to conduct a check of the recipient address listed for the **SUBJECT PARCEL**, to wit, "Bradley Morgan, 5470 Serviceberry Street, Centerville, VA 20120." Your affiant determined the address is a valid address, and further inquiry did associate the name "Bradley Morgan" to the address. Though the name Bradley

Morgan was associated with the address, there were no personal identifiers such as date of birth, social security number included, or other personally identifiable information associated with typical name and address checks. As described previously, and based on my training and experience, I know that the entry of a false addressee, recipient name, or incomplete address on the shipping label also provides the true intended recipient with plausible deniability should they be confronted by law enforcement.

22. One of the other suspicious characteristics of the **SUBJECT PARCEL** was that the postage was paid for in cash in the amount of $10.45.

23. Based on the suspicious characteristics described above, this package was presented to a trained police canine for examination on December 17, 2024. Canine Storm and her handler, Fairfax County Police Department Detective Patrick Briant, were utilized to determine whether the **SUBJECT PARCEL** contained illegal narcotics. Standard protocols for canine detection were followed using Canine Storm. Canine Storm was last certified in September 2024 to alert on the odors of marijuana, cocaine (and its derivatives), heroin, MDMA (ecstasy) and methamphetamine. Canine Storm is trained regularly to ensure the canine's accuracy in the detection of drug odors.

24. The **SUBJECT PARCEL** was placed among other parcels at the USPS P&DC. At that time, Fairfax County Police Department Detective Patrick Briant and Canine Storm were brought in to search the area. The handler observed Canine Storm and then informed Postal Inspectors that the dog alerted on the **SUBJECT PARCEL**, which was hidden arbitrarily among other parcels. This alert is consistent with Canine Storm detecting contraband within the **SUBJECT PARCEL**.

### III.   CONCLUSION

25.   I submit that, based upon the above indicators exhibited by the **SUBJECT PARCEL**, Canine Storm's indication on the package, as well as my training, experience, and information derived from past, similarly situated seized shipments, there is probable cause to believe that the **SUBJECT PARCEL** contains narcotics or controlled substances and/or materials relating to the distribution of controlled substances through the United States Mail. Therefore, I respectfully request that this Court authorize a search warrant for the **SUBJECT PARCEL**, as described in Attachment A, authorizing the seizure of the items described in Attachment B.

Respectfully submitted,

*s/ Andrew J. Pinney-Tourtellotte*
Andrew J. Pinney-Tourtellotte
Postal Inspector – U.S. Postal Inspection Service

Attested to in accordance with the requirements of
Fed. R. Crim. P. 4.1 via telephone on December  18 , 2024.

_William E. Fitzpatrick_
The Honorable William E. Fitzpatrick
United States Magistrate Judge
Alexandria, Virginia

10

## ATTACHMENT A

## ITEM TO BE SEARCHED

The **SUBJECT PARCEL** is described as follows:

| *Subject Parcel* | *Express (E), Priority (P), First Class (F), or Registered (R) Tracking ID Number* | *From: Name and Address* | *To: Name and Address* | *Current Parcel Location* |
|---|---|---|---|---|
| 1 | **9505 5103 3016 4348 2691 56 (P)** | Brian Faust<br>123 Lake Ave<br>Cresco, PA, 18326 | Bradley Morgan<br>5470 Serviceberry Street<br>Centerville, VA, 20120 | USPS P&DC in Dulles, VA, located in the Eastern District of Virginia |

## ATTACHMENT B

## DESCRIPTION OF ITEMS TO BE SEIZED

1.  All contents of the **SUBJECT PARCEL** described in Attachment A that relate to violations of 21 U.S.C. §§ 841 and 846 (the "Target Offenses"), including:

    a.  Evidence related to identities, statement of mind, or intent of the sender or recipient of the **SUBJECT PARCEL**;

    b.  Narcotics or other controlled substances, as well as contraband related to drug trafficking, *e.g.*, packaging materials;

    c.  Any United States currency or other financial instruments that appear to be proceeds related to the distribution or purchase of illegal narcotics;

    d.  Any customer or distributor records related to drug trafficking;

    e.  Any items used to track the contents of the package;

    f.  Business ledgers, lists, and notations relating to drug trafficking;

    g.  Records of a financial nature that suggest how payment for illegal narcotics is conducted; and

    h.  Other evidence of transactions in relation to drug trafficking.